THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CASHLAND FINANCIAL SERVICES, INC.,** | § § § | |
| Plaintiff, | § | **CIVIL ACTION NO. 3:16-cv-3058** |
| v. | § § | |
| **CASHLAND ONLINE, LLC and CASHLAND HOLDINGS, LLC,** | § § § | |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Cashland Financial Services, Inc. ("Plaintiff"), by and through its undersigned counsel, brings this original complaint against Defendants Cashland Online, LLC and Cashland Holdings, LLC (together, "Defendants"). Plaintiff files this complaint in order to seek injunctive and monetary relief against Defendants for their infringement of Plaintiff's valid, enforceable, and incontestable trademarks and their related bad acts under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and Texas common law.

## I.   PARTIES

1.   Plaintiff Cashland Financial Services, Inc. is a Delaware corporation with its principal place of business at 1600 W. 7th Street, Fort Worth, Texas 76102.

2.   Defendant Cashland Online, LLC ("CO LLC") is a limited liability company organized and existing under the laws of the State of Oklahoma and having its principal place of business at 10417 N. May Avenue, Oklahoma City, Oklahoma 73120.  CO LLC is registered to do business in the State of Texas as a foreign limited liability company and may be served with

process by serving InCorp Services Inc., CO LLC's registered agent in the State of Texas, at 815 Brazos Street, Suite 500, Austin, Texas 78701, or wherever it may be found. CO LLC may also be served with process by serving Nels S. Bentson, CO LLC's registered agent in the State of Oklahoma, at 10417 N. May Avenue, Oklahoma City, Oklahoma 73120, or wherever he may be found.

3. Defendant Cashland Holdings, LLC ("CH LLC") is a limited liability company organized and existing under the laws of the State of Oklahoma and having its principal place of business at 10417 N. May Avenue, Oklahoma City, Oklahoma 73120. CH LLC may be served with process by serving Nels S. Bentson, CH LLC's registered agent in the State of Oklahoma, at 10417 N. May Avenue, Oklahoma City, Oklahoma 73120, or wherever he may be found.

## II.   JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338, and the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over CO LLC because CO LLC is registered to do business in the State of Texas as a foreign limited liability company and does business in the State of Texas by, *inter alia*, marketing, advertising, promoting, offering for sale, and/or selling financial services online to Texas residents through the websites and domains at www.cashlandonline.com and www.paydaytodayok.com.

6. This Court has personal jurisdiction over CH LLC because CH LLC does business in the State of Texas by, *inter alia*, marketing, advertising, promoting, offering for sale, and/or selling financial services online to Texas residents through the websites and domains at www.cashlandok.com, www.cashlandonline.com, and www.paydaytodayok.com.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because this Court has personal jurisdiction over Defendants and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III. FACTS

8. Plaintiff is a leading provider of specialty financial services, such as pawn loans, second-hand merchandise sales, cash advance/short-term loans, and check-cashing services.

9. Plaintiff is a wholly-owned subsidiary of Cash America International, Inc. ("Cash America"), a Texas corporation and one of the leading providers of specialty financial services, such as pawn loans, second-hand merchandise sales, cash advance/short-term loans, and check-cashing services, in the United States. Cash America, together with its subsidiaries, operates approximately 900 stores across the nation.

10. Although Plaintiff is a wholly-owned subsidiary of Cash America, Cashland separately owns certain intellectual property rights. For example, Plaintiff is the owner of the federally-registered trademark, CASH$LAND (Registration No. 3,293,760), which Plaintiff registered with the United States Patent and Trademark Office (the "PTO") on September 17, 2007. A true and correct copy of the registration certificate issued by the PTO for the CASH$LAND trademark is attached hereto as Exhibit 1.

11. In addition, Plaintiff also owns the federally-registered trademark, CASHLAND (Registration No. 2,683,331). A true and correct copy of the registration certificate issued by the PTO for the CASHLAND trademark is attached hereto as Exhibit 2. While Plaintiff was not the original applicant of this registered trademark, Plaintiff was assigned the entire interest and goodwill in the CASHLAND trademark on July 31, 2003 by the original registration applicant, Cashland, Inc., an Ohio corporation and non-party here. True and correct copies of the

trademark assignment and the trademark assignment abstract of title are attached hereto as Exhibits 3 and 4.

12. Plaintiff's federally-registered trademarks, CASH$LAND and CASHLAND (together, the "Subject Trademarks"), are valid and enforceable and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

13. Plaintiff is now and at all times relevant hereto has been the sole and exclusive owner of all right, title, and interest in and to the Subject Trademarks. Plaintiff markets, advertises, promotes, offers for sale, and/or sells its specialty financial services to consumers under the Subject Trademarks.

14. Plaintiff also maintains a website, www.cashland.com, which redirects to a subpage of Cash America's website, http://www.cashamerica.com/Cashland.aspx, where customers can obtain information about Plaintiff's specialty financial services and store locations. Plaintiff's website prominently features Plaintiff's CASH$LAND trademark, including a photograph of one of Plaintiff's store locations:



**Welcome to Cashland.**

We are one of the leading providers of cash advance/short-term loans and check-cashing services in our region with over 130 locations in Ohio and Indiana. We are a part of the Cash America family which is traded on the New York Stock Exchange under the symbol "CSH."

Along with cash loans[1], Cashland offers check cashing and gold buying in many of our locations.

Founded on the belief that providing world-class customer service will set us apart from the competition, we treat every customer with the utmost courtesy, professionalism and friendliness while providing the short-term financial services they need.

Learn more about what Cashland and Cash America have to offer by touring our site. Visit a store near you today.

15. Defendants are direct competitors of Plaintiff and Cash America, and market, advertise, promote, offer for sale, and/or sell financial services online to consumers in Oklahoma, Missouri, New Mexico, and Texas—CO LLC through the websites www.cashlandonline.com and www.paydaytodayok.com and CH LLC through the websites www.cashlandok.com and www.paydaytodayok.com.

16. After Plaintiff acquired protectable exclusive rights in the Subject Trademarks, upon information and belief, Defendants knowingly and willfully adopted and began marketing, advertising, promoting, offering for sale, and/or selling financial services online to consumers under the mark, "CA$HLAND" (the "Infringing Mark").

17. The Infringing Mark is confusingly similar to and substantially indistinguishable from the Subject Trademarks. More specifically, the only textual difference between the Infringing Mark and Plaintiff's CASHLAND trademark is the replacement of the letter "S" with a similarly appearing dollar sign, "$":

CA$HLAND
Website is © Copyright 2016 Cashland Holdings, LLC. All Rights Reserved.
Home | Apply Online | Services | About | Locations | Contact Us | Testimonials | FAQ | Privacy
http://www.cashlandok.com/contact/

18. The only difference between the Infringing Mark and Plaintiff's CASH$LAND trademark is the placement of the "$":



©2014 Cashland Online. All rights reserved

---

**PLAINTIFF'S ORIGINAL COMPLAINT**    **Page 5**

19. As shown above, both CO LLC and CH LLC employ the Infringing Mark to market, advertise, promote, offer for sale, and/or sell financial services online to consumers.

20. Plaintiff has not granted CO LLC or CH LLC any license or permission to use or exploit the Subject Trademarks.

21. In 2012, Plaintiff and Defendants began exchanging correspondence regarding Plaintiff's rights in the Subject Trademarks. Plaintiff advised Defendants of Plaintiff's protectable exclusive rights in the Subject Trademarks, provided copies of the incontestable federal trademark registrations, and objected to Defendants' use of the Infringing Mark.

22. Nevertheless, Defendants have not only willfully continued to use the Infringing Mark to market, advertise, promote, offer for sale, and/or sell financial services online to consumers, but have also recently expanded their market to additional states and targeted consumers in the State of Texas, where Plaintiff and Cash America are headquartered, thereby further intentionally violating Plaintiff's protectable exclusive rights in the Subject Trademarks and causing additional confusion in the marketplace.

23. Upon information and belief, the financial services Defendants have provided, marketed, advertised, promoted, offered for sale and sold under the Infringing Mark are virtually identical to those of Plaintiff. Defendants' infringing acts have thus caused and are likely to further cause confusion, mistake, and deception among the consuming public as to the source or origin of Defendants' financial services, and have and are likely to further deceive the consuming public into believing, mistakenly, that Defendants' financial services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

24. Defendants' acts are willful with the deliberate intent to trade on Plaintiff's goodwill in connection with the Subject Trademarks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's financial services to Defendants.

25. Defendants' acts are causing, and unless restrained, will continue to cause damage and serious and irreparable harm to Plaintiff and its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

26. All conditions precedent have occurred or been performed.

## IV. CAUSES OF ACTION

### I. Count One – Federal Trademark Infringement

27. Plaintiff alleges and incorporates by reference each of the preceding paragraphs of this complaint.

28. Defendants have provided, marketed, advertised, promoted, offered for sale and sold financial services online to consumers in association with the Infringing Mark after Plaintiff acquired protectable exclusive rights in the Subject Trademarks.

29. Defendants' use in commerce of the Infringing Mark has caused and is likely to further cause confusion, mistake or deception among the consuming public, and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendant's infringing conduct has caused and will continue to cause serious and irreparable harm to Plaintiff and its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law. Without injunctive relief, Plaintiff has no means to control the continuing injury to its valuable reputation and goodwill. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the Subject Trademarks and Plaintiff's name, reputation, and goodwill through the false and

unauthorized use of marks, such as the Infringing Mark, that are confusingly similar to the Subject Trademarks.

31. It is likely that Plaintiff will succeed on the merits of its claim for federal trademark infringement against Defendants given their continued use of the Infringing Mark. The injury faced by Plaintiff if Defendants are not enjoined from their use of the Infringing Mark outweighs any injury that would be sustained by Defendants as a result of any injunctive relief imposed on them. Nor would the granting of injunctive relief adversely affect public policy or interest.

32. Defendants have engaged in their infringing conduct with full knowledge of Plaintiff's prior rights in the Subject Trademarks and with the willful intent to cause confusion and trade on Plaintiff's goodwill. In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

33. Because of Defendants' infringing conduct, Plaintiff has been injured and damaged and is entitled to recover, at minimum, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs pursuant to Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre- and post-judgment interest.

**II.   Count Two – Federal Unfair Competition and False Designation of Origin**

34. Plaintiff alleges and incorporates by reference each of the preceding paragraphs of this complaint.

35. Defendants' conduct complained of herein constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

---

36. Defendants have engaged in the conduct complained of herein with full knowledge of Plaintiff's prior rights in the Subject Trademarks and with the willful intent to cause confusion, mistake, and deception among the consuming public as to the origin, source, sponsorship, or affiliation of Defendants' services.

37. Defendant's conduct was willful and has caused and is likely to further cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff, and has deceived and is likely to further deceive the consuming public into believing, mistakenly, that Defendants' financial services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

38. Defendant's conduct has caused and will continue to cause serious and irreparable harm to Plaintiff and its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.  Without injunctive relief, Plaintiff has no means to control the continuing injury to its valuable reputation and goodwill.  No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the Subject Trademarks and Plaintiff's name, reputation, and goodwill through the false and unauthorized use of marks, such as the Infringing Mark, that are confusingly similar to the Subject Trademarks.

39. It is likely that Plaintiff will succeed on the merits of its claim for federal unfair competition and false designation of origin against Defendants given their continued use of the Infringing Mark.  The injury faced by Plaintiff if Defendants are not enjoined from their use of the Infringing Mark outweighs any injury that would be sustained by Defendants as a result of any injunctive relief imposed on them.  Nor would the granting of injunctive relief adversely affect public policy or interest.

40. Because of Defendants' conduct, Plaintiff has been injured and damaged and is entitled to recover, at minimum, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs pursuant to Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre- and post-judgment interest.

### III. Count Three – Federal Counterfeiting

41. Plaintiff alleges and incorporates by reference each of the preceding paragraphs of this complaint.

42. Defendants have reproduced, counterfeited, copied and imitated the Subject Trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a). Specifically Defendants have copied and imitated the Subject Trademarks to promote Defendants' financial services.

43. Plaintiff has not consented to the reproduction, counterfeiting, copying, and imitation of its Subject Trademarks.

44. Defendants have placed Defendants' financial services in commerce by selling, offering for sale, distributing and advertising such financial services.

45. Defendants have reproduced, counterfeited, copied and imitated the Subject Trademarks with the intent to cause confusion, mistake, or to deceive.

46. Because of Defendants' conduct, Plaintiff is entitled to recover statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

### IV. Count Four – Common Law Trademark Infringement

47. Plaintiff alleges and incorporates by reference each of the preceding paragraphs of this complaint.

48. Defendants' conduct complained of herein constitutes trademark infringement under Texas common law.

### V.   Count Five – Common Law Unfair Competition

49. Plaintiff alleges and incorporates by reference each of the preceding paragraphs of this complaint.

50. Defendants' conduct complained of herein constitutes unfair competition in violation of the Texas common law.

### VI.   Count Six – Unjust Enrichment

51. Plaintiff alleges and incorporates by reference each of the preceding paragraphs of this complaint.

52. Defendants' conduct complained of herein constitutes unjust enrichment of Defendants at Plaintiff's expense in violation of the Texas common law.

### VII.   Count Seven – Civil Conspiracy

53. Plaintiff alleges and incorporates by reference each of the preceding paragraphs of this complaint.

54. Defendants entered into a civil conspiracy to unlawfully and unfairly compete with Plaintiff and deprive Plaintiff of the benefit of Plaintiff's goodwill and reputation and the benefits Plaintiff derives from the Subject Trademarks. Defendants conspired to do so by, among other things, directing consumers from their respective websites (CO LLC's website, www.cashlandonline.com, and CH LLC's website, www.cashlandok.com), which use the Infringing Mark, to the website, www.paydaytodayok.com, where consumers can apply online for Defendants' financial services.

55. By their conduct, Defendants have unlawfully traded on the goodwill and reputation of Plaintiff and the Subject Trademarks, damaging Plaintiff by way of lost profits and damage to Plaintiff's goodwill and reputation, as well as infringement of the Subject Trademarks.

56. Defendants are jointly and severally liable for damages incurred by Plaintiff in an amount which will be proven at trial. Defendants are further liable for the costs Plaintiff incurs in the prosecution of this action.

## V.   JURY DEMAND

57. Plaintiff demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cashland Financial Services, Inc. prays for the following relief against Defendants Cashland Online, LLC and Cashland Holdings, LLC:

(A)   That the Court grant a permanent injunction against Defendants enjoining and restraining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

   (1) using the Infringing Mark, a mark incorporating the Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Subject Trademarks to market, advertise, promote, offer for sale, and/or sell Defendants' services;

   (2) engaging in any activity that infringes Plaintiff's rights in the Subject Trademarks;

   (3) engaging in any activity constituting unfair competition with Plaintiff;

   (4) making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendants;

(5) using or authorizing any other individual or entity to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

(6) registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the Subject Trademarks or any other mark that infringes or is likely to be confused with the Subject Trademarks, Plaintiff, or any goods or services of Plaintiff as their source;

(7) manufacturing, displaying, distributing, or using in any other manner any and all advertisements and other materials that feature or bear the Infringing Mark, a mark incorporating the Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Subject Trademarks; and

(8) aiding, assisting, abetting, or authorizing any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (7).

(B)    That the Court direct Defendants to recall and deliver up for destruction or other disposition all materials incorporating or bearing the Infringing Mark, a mark incorporating the Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Subject Trademarks.

(C)    That the Court direct Defendants to formally and with prejudice abandon any applications to register on any state or federal trademark registry the Infringing Mark, a mark incorporating the Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Subject Trademarks, and cancel any existing registrations of same.

(D)    That the Court direct Defendants to file with the court and serve upon Plaintiff within thirty (30) days after service on Defendants of any injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

(E)    That the Court grant such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services marketed, advertised, promoted or otherwise offered by Defendants are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

(F)    That the Court award Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

(G) That the Court direct Defendants to account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

(H) That the Court award Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

(I) That the Court award Plaintiff statutory damages under Section 35(c) of the Lanham Act (15 U.S.C. § 1117(c)).

(J) That the Court declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and award Plaintiff its costs and reasonable attorneys' fees thereunder.

(K) That the Court award Plaintiff interest, including pre- and post-judgment interest, on the foregoing sums.

(L) That the Court award Plaintiff such other and further relief as the Court deems just and proper.

Date:  November 1, 2016                     Respectfully submitted,

                                            /s/ Robert J. Ward
                                            Robert J. Ward (rward@gardere.com)
                                            Texas State Bar No. 00791879
                                            Michelle Y. Ku (mku@gardere.com)
                                            Texas State Bar No. 24071452

                                            **GARDERE WYNNE SEWELL LLP**
                                            2021 McKinney Avenue, Suite 1600
                                            Dallas, Texas  75201
                                            (214) 999-3000 Telephone
                                            (214) 999-4667 Facsimile

                                            **COUNSEL FOR CASHLAND FINANCIAL SERVICES, INC.**